IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                                  Civ. No. S-11-1396 KJM DAD

    vs.

DALE HILPERT, et al.,                      ORDER

      Defendants.

_____/

         On May 23, 2011, plaintiff filed a complaint naming as defendants John W. Blawat, Rosie M. Blawat, Dale Hilpert, and Susan Sozzi.  On June 15, 2011, the summonses as to John Blawat, Rosie Blawat and Susan Sozzi were returned as unexecuted.

         On October 5, 2011, the court issued an order to show cause asking plaintiff to explain why the action should not be dismissed for his failure to effect timely service.  Plaintiff explained that the single defendant who responded, Dale Hilpert, was not the correct defendant and that he had filed an amended complaint, naming the appropriate party.  He did not address his failure to serve defendants Sozzi and John and Rosie Blawat.

         The amended complaint, filed October 10, 2011, omits defendant Hilpert and adds defendant Payless Shoe Source, Inc.; it also names defendants John and Rosie Blawat and Sozzi.

/////

1

1    Under Rule 4(m) of the Federal Rules of Civil Procedure, a court may dismiss an
2 action against any defendant who has not been served with 120 days after the complaint was
3 filed.  Although a court has broad discretion under the rule, a plaintiff may avoid dismissal if he
4 shows good cause for the delay; in this context, good cause means, at a minimum, excusable
5 neglect.  *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001).  In this case, plaintiff has made no
6 showing of excusable neglect for his failure timely to serve the three individual defendants still
7 named in the first amended complaint.
8    IT IS THEREFORE ORDERED that this action is dismissed without prejudice as
9 to defendants John Blawat, Rosie Blawat and Susan Sozzi.
10 DATED:  November 23, 2011.

    _____
    UNITED STATES DISTRICT JUDGE